[Civ. No. 18057.  Second Dist., Div. Three.  June 12, 1951.]

W. R. FAIRES, Appellant, v. WALDRON PAPPMEIER, as Administrator With Will Annexed, etc., et al., Respondents.

John F. Bender and Gizella M. Allen for Appellant.

Hahn & Hahn, Earl D. Killion, and Haas & Home for Respondents.

SHINN, P. J.—Appeal by plaintiff from an interlocutory judgment for partition of 4 acres of land under which referees would allot one half thereof to plaintiff. and the other half to six defendants, as a unit, ''quality and quantity to be relatively considered.'' The points raised on the appeal are that plaintiff should have been allowed counsel fees and costs incurred in the prosecution of the action, and that the court should have ordered the property sold instead of partitioned.

The court found that the expenses of counsel and costs of the respective parties were not for the common benefit of all the parties and should be paid by the respective parties who incurred the same. Respondents agree with appellant that the finding was in error, that counsel fees and costs should be allowed the respective parties who are able to prove themselves entitled thereto and concede that the judgment should be modified accordingly.

We think the second point is not well taken and that the court did not err in ordering a partition. The land, which is unimproved, has a frontage of 330 feet on Anaheim-Telegraph Road and 571.7 feet on Valley View Street, in the county of Los Angeles, and contains 4.3 acres.

It was alleged in the complaint that the land could not be partitioned without great injury to the property and great prejudice to the rights of the parties. Defendants, Helen A. Madden, owner of an undivided one-tenth interest, Charles E. Haas, owner of an undivided one-twentieth interest, Waldron Pappmeier, as administrator with the will annexed of the estate of John A. Pappmeier, owner of an undivided one-tenth interest, Walter G. Jackson and Mildred Mae Jackson, owners of an undivided one-tenth interest, C. C. C. White and Lula M. White, owners of an undivided one-tenth interest, George Cunningham Sharp and Agnes S. Sharp, owners of an undivided one-twentieth interest, answered the complaint and denied that the land could not be partitioned without injury or prejudice to the rights of the parties. Under stipulation of the defendants their interests were considered as a unit. They all opposed the sale of the property.

Plaintiff, who had acquired his interest by tax deeds and was endeavoring to force a sale as against the unwilling defendants, had the burden of proving it was not a proper case for partition in kind. Under our statutory law (Code Civ. Proc., §§ 752a, 763), in cases of coownership the court may order a sale only where partition cannot be had without great prejudice to the owners. Forced sales are strongly disfavored. (*Williams* v. *Wells Fargo Bank & U. Tr. Co.*, 56 Cal.App.2d 645 [133 P.2d 73].) The court here found that the property can be partitioned without any injury or prejudice whatsoever to the rights of the respective parties. The evidence supports this finding.

The parcel is large enough and so situated as to be suitable for partition. Plaintiff expressed the opinion that the land is worth about $1,000 an acre and that dividing it into two

parcels would lessen its selling value 50 per cent. This exaggerated opinion was not supported by any plausible reasoning. Plaintiff was pessimistic over the prospect of finding a buyer. He testified that "It is too small for subdivision at present; it would be difficult subdividing now. . . . It is something entirely a matter of the future, or the man who wants to—the small fellow like myself wanting to develop a small piece of property. It is not desirable to sell a property that . . . as isolated as it stands now." There was no evidence that there were other "fellows," large or small, who were interested in buying.

Defendant Charles E. Haas, who had dealt extensively in real property for many years, testified that beyond a doubt the property could be partitioned in kind, and that it was his desire that the property be not sold. He also expressed the opinion that if the land should be divided into two portions the two pieces would sell for the same amount as the whole.

A witness, Louis R. Vincenti, expressed the opinion that the property was capable of physical division into two parcels, each having equal value. He thought the property might bring up to 5 per cent more sold as one piece than if sold as two pieces, but he was not sure there would be this difference. A witness appointed by the court to consider the matter thought the property should be sold because partition would involve the expense of referees.

Plaintiff made out a weak case for an enforced sale of the property and has an even weaker appeal. The findings have clear and substantial support in the evidence.

The judgment is modified to provide for the allowance of costs and attorneys' fees in the final judgment, and is affirmed as modified; respondents to recover costs of appeal.

Wood (Parker), J., and Vallée, J., concurred.